IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR30 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| SHANE L. BORER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Shane L. Borer: for leave to file an enlarged motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 84), considered as Borer's § 2255 motion;[1] and for evidentiary hearing (Filing No. 85).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Borer pleaded guilty to a one-count Indictment charging him with possessing three firearms while being subject to a domestic protection order, in violation of 18 U.S.C. §

---

[1]Although framed as a motion to "enlarge" a previously filed § 2255 motion, Borer has not filed a previous motion. Therefore, the motion attached to his motion for leave (Filing No. 84) is considered his § 2255 motion.

922(g)(8). The guns were found by a fire marshal who was at the residence due to an extensive fire. In his petition to enter a plea of guilty, Borer stated the following under penalty of perjury: he was satisfied with the representation of trial counsel and had no objections to his legal representation; he understood the charge, his right to plead not guilty, his constitutional rights including the right to a jury trial, and the minimum and maximum punishment of zero to ten years imprisonment; he would likely be sentenced within his sentencing guideline range; no promises or threats were made to him besides those in the plea agreement;[2] and he was voluntarily pleading guilty. (Filing No. 67.) While under oath, Borer affirmed the answers in his plea petition. (Filing No. 20.) Also at the plea hearing, Borer engaged in a detailed colloquy with Magistrate Judge Thomas D. Thalken regarding the elements of the offense. Borer agreed that he possessed the firearms in question while being subject to two protection orders. He agreed that the protection orders were entered after he received actual notice of the hearings with respect to the orders and that he had the opportunity to participate in both hearings. Borer also agreed that the protection orders were entered in order to protect children or intimate partners. (Filing No. 20.) Borer did not object to the Magistrate Judge's report and recommendation that his guilty plea be accepted. (Filing No. 21.)

Borer's objections to the presentence investigation report were heard at sentencing. Borer's primary objection was that he possessed the firearms in question for sporting or hunting purposes. Borer testified at the sentencing hearing. (Filing No. 43.) He testified

---

[2]Although the answer to question 38 states "yes," indicating that promises apart from those in the plea agreement were made to induce his plea, at the change-of-plea hearing Borer clarified that his answer to question 38 was in fact "no."

that he did not contest two protection orders entered against him with respect to his wife. (Filing No. 43, at 14.)  This objection to the PSR was denied.  (Filing No. 43.)  On July 2, 2003, Borer was sentenced to 24 months imprisonment and 3 years supervised release. (Filing No. 35.)  Borer filed a direct appeal in which he raised sentencing issues.  (Filing No. 37.)  On August 11, 2004, the Eighth Circuit Court of Appeals ordered that Borer be released pending appeal.  (Filing No. 58.)  Borer was released on conditions of supervision.  (Filing No. 60.)  On January 5, 2005, the Eighth Circuit upheld this Court's decisions with respect to all but one of the disputed sentencing issues, vacating Borer's sentence and remanding the case for resentencing with a three-level downward adjustment for acceptance of responsibility.  (Filing No. 69.)  However, the Eighth Circuit vacated its opinion and granted Borer's petition for rehearing.  (Filing No. 72.)  On June 22, 2005, the Eighth Circuit reached the same result as in its previous opinion, and also ordered that on resentencing Borer be sentenced under the advisory sentencing guidelines pursuant to *United States v. Booker,* 543 U.S. 220 (2005).  Borer was resentenced on October 3, 2005, to a period of time served and three years supervised release.  (Filing No. 81.)  The Amended Judgment was filed on October 5, 2005.  (Filing No. 81.)  On October 4, 2006, Borer filed his motion to file an "enlarged" § 2255 motion, construed as his § 2255 motion.[3]  (Filing No. 84.)

### DISCUSSION

In his § 2255 motion, Borer raises the following claims: his Fifth and Fourteenth Amendment Due Process rights were violated because he had no notice of the hearings

---

[3] Borer has not previously filed a § 2255 motion.

3

held with respect to the underlying protection orders; evidence was obtained as a result of an illegal search and seizure; his guilty plea was involuntary as he was forced to plead guilty by his attorney; and ineffective assistance of trial counsel, because his trial attorney, Victor Terry, was disbarred in part due to actions related to the instant case. (Filing No. 84.) The arguments are discussed below.

### *Claim One: Fifth and Fourteenth Amendment Due Process*

Borer argues that, in the case of one of the two protection orders in effect when he possessed several firearms, he timely requested a hearing yet his request was denied. (Filing No. 84, at 14-15.) However, at his change-of-plea hearing the Assistant United States Attorney stated the following in the government's version of the offense: Borer was under two protection orders when the firearms were located in his home; both protection orders were personally served on Borer; and both orders included a notice to respond and advice of possible federal consequences should he possess firearms while the orders were in effect.. Under oath, with the exception of one minor factual discrepancy stated in a report that did not affect the elements of the charge, Borer agreed that the government could prove the facts stated in the government's version of the offense beyond a reasonable doubt and that he committed the acts attributed to him in the version of the offense. (Filing No. 20, at 24.) Also at his plea hearing, Judge Thalken discussed the specific matter of notice as it related to the active protection orders with Borer:

> THE COURT: The protection orders] were issued after a hearing in which you received actual notice; is that right?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And at which you had an opportunity to participate; is that correct?

THE DEFENDANT: Yes, Your Honor.

(Filing No. 20, at 26.)

Also, Borer testified at his sentencing hearing. Under oath, he testified that two protection orders brought at his ex-wife's request were current when the firearms were found in his home. Borer testified that he contested one of the orders, and he admitted that he was one day late in contesting that order. (Filing No. 43, at 11-13.)

Therefore, the record shows that Borer was under two protection orders that qualified under 18 U.S.C. § 922(g)(8), the statute of conviction in this case. The record shows that Borer received notice and the opportunity to participate in both instances and that he was late in contesting one of the orders. He did not contest the other order. Only one protection order is required for prosecution under § 922(g)(8). Even assuming for the sake of argument that Borer is correct and that the Court may revisit this defense to the count of conviction in the context of a § 2255 motion, the record is clear that a qualifying protection order was in effect when Borer was found to be in possession of three firearms. Borer's first claim is denied.

### Claim Two:  Illegal Search and Seizure

Borer never contested the search of his residence and the seizure of the firearms prior to pleading guilty. As stated by the Eighth Circuit Court of Appeals when faced with a similar argument: "the search and seizure were made under circumstances fully known to defendant prior to trial. Such being the case, this issue is not proper for consideration on defendant's 2255 motion. . . . 2255 cannot be used as a substitute for appeal or for the purpose of litigating matters not raised on appeal." *Craig v. United States,* 376 F.2d 1009, 1010-11 (8th Cir. 1967).

Moreover, when Borer pleaded guilty, he waived his opportunity to contest the manner in which evidence against him was obtained. Borer stated under oath at his change of plea hearing that he understood this waiver. (Filing No. 20, at 19.) Borer's second claim is denied.

***Claim Three: Involuntary Guilty Plea***

Borer argues that he was coerced by his attorney to plead guilty. The record shows otherwise. Under the threat of perjury, Borer stated in his petition to enter a guilty plea that he was satisfied with his attorney's performance and had no objections to the manner in which he was represented. (Filing No. 15, ¶ 5(d) & (e).) Borer changed his answer from "yes" to "no" ¶ 39, which asked if any officer, attorney or agent promised, suggested or predicted that his sentence would be more lenient if he pleaded guilty. (Filing No. 15, ¶ 39.) He answered that he was pleading guilty only because he was guilty of the charge and for no other reason. (Filing No. 15, ¶ 42.) In answering his reasons for entering into his plea agreement, Borer answered "exceptance of responsibility," by which he explained at his plea hearing he meant to say "acceptance" of responsibility. (Filing No. 20, at 24.) Of particular concern to Judge Thalken at the plea hearing was Borer's answer "yes" to the following question: "Has anyone made any promise that causes you to plead GUILTY, aside from the promises, if any, set out in your answer to question 37?" (Filing Nos. 15, ¶ 38; 20, at 25.) The matter was discussed as follows:

THE COURT:    . . . I need to know about that.

THE DEFENDANT: That's changed, if I can. No, Your Honor.

THE COURT:    That should be no?

THE DEFENDANT: Yes.

6

> THE COURT:  All right. And so the answer that you have here as yes is in error and it should be no?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT:  All right. That'll be so noted for the record.

(Filing No, 20, at 25.)

In light of the record clearly showing that Borer was not threatened or forced to plead guilty by his attorney, or anyone, his third claim is denied.

### *Claim Four: Ineffective Assistance of Counsel*

Borer argues that because his attorney was later disbarred in part because of his actions relating to Borer's case, his § 2255 motion should be granted based on ineffective assistance of counsel.

In order to establish ineffective assistance of counsel, Borer must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

As stated above, in his plea petition and at his change-of-plea hearing Borer indicated his satisfaction with his attorney and his lack of any objection to the manner in which he was represented. Borer is correct that Terry was disbarred on April 1, 2005. However, the formal charge of disbarment was based on Terry's violations of DR 1-102(A)(1) and (4) through (6), DR 9-102(A)(1) and (2), DR 9-102(B)(3) and (4), as well as

7

his oath of office as an attorney. The primary focus of the charges and the matter of disbarment appears to have been Terry's conduct with respect to mixing his attorney trust account funds with his personal and business accounts. *See generally State v. Terry,* 694 N.W.2d 209 (Neb. 2005). Even assuming for the sake of argument that Borer satisfied the first prong of the *Strickland* test, he has not shown that his defense was prejudiced. Therefore, Borer's fourth claim is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion for Leave to File an Enlarged Motion (Filing No. 84), construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence;

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 84) is summarily denied;

3. The Defendant's Motion for Evidentiary Hearing (Filing No 85) is denied;

4 A separate Judgment will be issued denying the § 2255 motion; and

5 The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 20th day of June, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge